IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL D. HOPE, II,
    Petitioner,

v.                                        Case No.:  3:03cv524/RS/EMT

JAMES V. CROSBY,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer (Doc. 11).  Petitioner was provided an opportunity to respond to the answer, but declined to do so (*see* Doc. 13).

    The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

    On November 26, 2002, pursuant to a guilty plea, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine (Doc. 11, Ex. A).  Petitioner was sentenced to concurrent terms of seven years of incarceration on each count (*id.*).  Petitioner did not directly appeal his conviction and sentence (Doc. 1 at 3).

    On February 10, 2003, Petitioner filed a motion for postconviction relief in the trial court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 11, Ex. D).  The state court

summarily denied the motion (Doc. 11, Ex. E). Petitioner appealed the order denying his postconviction motion to the Florida First District Court of Appeal ("First DCA"). The First DCA affirmed the decision per curiam without opinion on July 28, 2003, with the mandate issuing August 25, 2003 (Doc. 11, Ex. G). Hope v. State, 852 So.2d 236 (Fla. 1st DCA July 28, 2003) (Table).

Petitioner initiated the instant section 2254 action on November 10, 2003 (Doc. 1 at 14). His petition presents the following grounds for relief:

> Ground one: The trial court abused discretion by failing to take into consideration that Petitioner was of the understanding, by pleading nolo, that the trial court would based [sic] the sentencing according to a pre-sentence investigation report.
>
> Ground two: Conviction obtained by plea of nolo contendere that was unlawfully induced.
>
> Ground three: Petitioner was denied effective assistance of counsel.

(Doc. 1 at 5-8).

Respondent concedes the petition is timely and that Petitioner exhausted his state court remedies (Doc. 11 at 3-5, 12, 16).

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254 now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court

---

[1] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-375, 390-399, 120 S.Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and –-except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S.Ct. at 1518-1523). The opinion of Justice Stevens in Part II was joined by Souter, Ginsburg, and Breyer.

must determine whether the state court adjudication was contrary to the clearly established Supreme Court law.  Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344.  "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent."  Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S.Ct. 2310, 152 L.Ed.2d 1065 (2002)  (quoting Williams, 529 U.S. at 405)).  "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law."  Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404-06).  If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority."  Fugate, 261 F.3d at 1216.  Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law."  *Id.* (citing and quoting Williams, 529 U.S. at 406).  A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 410.  The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'"  Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (quoting Williams, 529 U.S. at 411).  Indeed, "[t]he gloss of clear error fails to give proper deference to state

courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." Section 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." (dictum)); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11th Cir. 2004) (concluding that "[petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record")).

Within this framework, this Court will review Petitioner's claims.

### III.    PETITIONER'S CLAIMS

A.    <u>Ground one:  The trial court abused discretion by failing to take into consideration that Petitioner was of the understanding by pleading nolo that the trial court would based [sic] the sentencing according to a pre-sentence investigation report.</u>

Petitioner alleges the Pre-sentence Investigation Report recommended that he receive a sentence of community supervision followed by probation, but the sentencing court imposed sentence of seven years of imprisonment (Doc. 1, supporting memorandum at 4-5). Petitioner contends the trial court abused its discretion by rejecting the State's sentence recommendation. Petitioner additionally alleges that his sentence violated Florida Statues section 893.135(1)(b)(1) (*id.* at 5). Respondent contends that Petitioner's claim is purely one of state law that presents no federal constitutional issue and, therefore, is not cognizable on federal habeas review.

Respondent is correct. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991); <u>Wainwright v. Goode</u>, 464 U.S. 78, 83-84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief. *See* <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11th Cir. 1983)). The law has been settled for some time in the Eleventh Circuit that federal courts may not review a state's alleged failure to adhere to its own sentencing procedures. <u>Branan v. Booth</u>, 861 F.2d 1507, 1507-08 (11th Cir. 1988); <u>Carrizales</u>, 699 F.2d at 1054-55; <u>Jones v. Estelle</u>, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996 (1980); <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1196-97 (5th Cir. 1976).[2] "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." <u>Branan</u>, 861 F.2d at 1508 (citation omitted). In the instant case, Plaintiff's claim that the sentencing

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No: 3:03cv524/RS/EMT

court failed to follow the State's sentence recommendation and imposed sentence in violation of Florida Statutes section 893.135(1)(b)(1) is purely a matter of state law. Therefore, federal habeas relief is unavailable.

> B. <u>Ground two: Conviction obtained by plea of nolo contendere that was unlawfully induced.</u>
>
> <u>Ground three: Petitioner was denied effective assistance of counsel.</u>

Petitioner claims that his plea of nolo contendere was based upon his counsel's erroneous advice that he would be sentenced according to the State's recommendation in the Pre-sentence Investigation Report (Doc. 1 at 6, 8). Petitioner alleges the State recommended a sentence of community control followed by probation, but the sentencing court did not follow the recommendation and instead imposed two concurrent seven-year terms of incarceration (Doc. 1, supporting memorandum at 7). Petitioner additionally claims that his counsel erred in advising him to plead nolo contendere to "crimes of the same offense" (Doc. 1, supporting memorandum at 8). Petitioner contends the offenses of trafficking in cocaine and conspiracy to traffic in cocaine arose from the same facts, therefore, his conviction for both crimes violated the Double Jeopardy Clause (*id*. at 8-10).

Petitioner also claims that his counsel performed in a constitutionally deficient manner by failing to preserve for appeal the issue of the trial court's imposition of a sentence that exceeded the recommendation of the State in the pre-sentence investigation report, as well as counsel's failure to file a notice of appeal (Doc. 1, supporting memorandum at 10-12).

> 1. Clearly Established Supreme Court Law

When a defendant challenges his plea based upon allegations of ineffective assistance of counsel, the two-prong standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To obtain relief under <u>Strickland</u>, Petitioner must establish: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. at 688, 104 S.Ct. at 2064, 2068.

The focus of inquiry under the performance prong of the Strickland standard is whether counsel's assistance was "reasonable considering all the circumstances." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Indeed, the Supreme Court warned about second-guessing professional judgments made by counsel:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

McMann v. Richardson, 397 U.S. 759, 769-70, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970).

To succeed on an ineffective assistance claim, Petitioner must rebut a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690; *see also* Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999); Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Indeed, Petitioner must demonstrate that counsel committed "serious derelictions" of his duty. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991). "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. Stano, 921 F.2d at 1152 (citations

omitted). Additionally, a defendant's total ignorance of the maximum sentence he could receive upon entering a guilty plea renders the plea invalid. *See* Lewellyn v. Wainwright, 593 F.2d 15, 17 (5th Cir. 1979) (citing Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); Wade v. Wainwright, 420 F.2d 898, 900 (5th Cir. 1969)). However, as long as a defendant understood the length of time he might possibly receive, he was fully aware of the plea's consequences. *See* United States v. Maggio, 514 F.2d 80 (5th Cir. 1975); Dunlap v. United States, 462 F.2d 163 (5th Cir. 1972).

The second prong of the Strickland analysis requires Petitioner to show that he was prejudiced as a result of counsel's deficient performance. To satisfy this element, Petitioner must come forth with objective evidence showing that but for counsel's errors, he would not have accepted the plea offer and would have insisted on going to trial. Conclusory, after-the-fact statements do not meet this requirement. *See* United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998); Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991); Key v. United States, 806 F.2d 133, 139 (7th Cir. 1987); United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993).

    2.  Federal Review of State Court Decision

      a.  Counsel's erroneous advice regarding sentence

Petitioner first claims that his counsel induced him to plead nolo contendere by erroneously advising him that he would be sentenced according to the State's recommendation in the Pre-sentence Investigation Report; however, Petitioner received a greater sentence than recommended by the State. Petitioner raised this claim in his Rule 3.850 motion, and the state court denied the claim on the ground that the record refuted Petitioner's claim that counsel misadvised him. Based upon the record, the state court made the following factual findings: (1) Petitioner entered a "straight up" plea of nolo contendere; (2) the State provided a written plea recommendation to the court, which was signed by all parties, including Petitioner; (3) in the written recommendation, Petitioner agreed to plead to a sentence "within the Court's discretion"; (4) the written recommendation included the potential statutory maximum sentence of 30 years of incarceration for each of the two charges; (5) upon accepting Petitioner's plea, the court ordered a pre-sentence investigation report and set sentencing for a later date; (6) a Criminal Punishment Code (CPC) scoresheet was prepared in Petitioner's case; (7) the scoresheet showed that Petitioner's lowest

permissible sentence was forty-two (42) months in state prison, and his maximum sentence was sixty (60) years of incarceration; and (8) the court used the scoresheet in determining Petitioner's sentence of seven years of incarceration for each charge, to run concurrently  (Doc. 11, Ex. E at 26-28). Based upon these facts, the state court concluded that Petitioner's counsel did not erroneously advise Petitioner regarding his sentence.

In the written decision denying Petitioner's claim, the state court specifically cited the two-prong Strickland standard as the legal standard applicable to claims of ineffective assistance of counsel (*see* Doc. 11, Ex. E at 28).  Therefore, Petitioner is not entitled to federal habeas relief unless he establishes that the state court decision was unreasonable.  Additionally, Petitioner has failed to show the existence of clear and convincing evidence to rebut the state court's factual findings, therefore, they are presumed correct.

The record conclusively refutes Petitioner's assertion that the State recommended he be placed on community control followed by probation.  The Pre-sentence Investigation Report shows that the State recommended that Petitioner be sentenced "according to the sentencing guideline scoresheet" (Doc. 11, Ex. F, Appendix to Appellant's Initial Brief, Pre-Sentence Investigation Report at 8).[3]  As the state court determined, Petitioner's Criminal Punishment Code Scoresheet showed that Petitioner's lowest permissible sentence was forty-two (42) months in state prison, and maximum sentence was sixty (60) years of incarceration (*id*., Ex. F, Appendix to Appellant's Initial Brief, Criminal Punishment Code Scoresheet at 2).  Petitioner's sentence of seven years of incarceration was clearly within the scoresheet range.  Thus, Petitioner has failed to show he received erroneous advice from his counsel regarding the sentence he would receive if he entered a plea.  Accordingly, Petitioner has failed to establish that the state court decision denying his ineffective assistance claim was unreasonable.

>    b.    Counsel's failure to advise Petitioner that convictions for conspiracy to traffic in cocaine and trafficking in cocaine constituted a double jeopardy violation.

---

[3]The State's "Alternative Recommended Disposition" was that Petitioner be placed on community control supervision followed by probation (Doc. 11, Ex. F, Appendix to Appellant's Initial Brief, Criminal Punishment Code Scoresheet at 9) (emphasis added).

Case No: 3:03cv524/RS/EMT

Petitioner claims that his counsel erred in advising him to plead nolo contendere to "crimes of the same offense" (Doc. 1, supporting memorandum at 8). Petitioner contends the offenses of trafficking in cocaine and conspiracy to traffic in cocaine arose from the same facts, therefore, his convictions for both crimes violated the Double Jeopardy Clause (*id*. at 8-10). Respondent did not address this claim in the answer to the instant habeas petition, probably because Petitioner did not raise it as a separate ground in his petition, rather, he raised it in his supporting memorandum.

Although Petitioner raised a double jeopardy claim in his Rule 3.850 motion, the claim was stated as a claim of trial court error, not ineffective assistance of counsel (*see* Doc. 11, Ex. D at 6). Therefore, it does not appear Petitioner exhausted this claim in the state courts. Furthermore, Respondent did not expressly waive the exhaustion requirement as to this specific claim of ineffective assistance of counsel, therefore, the requirement is not deemed waived. 28 U.S.C. § 2254(b)(3). However, section 2254 permits a habeas petition to be denied on the merits, notwithstanding the failure of the petitioner to exhaust state court remedies. 28 U.S.C. § 2254(b)(2). Upon review, this court concludes Petitioner's claim is without merit.

The Double Jeopardy Clause protects against multiple punishments for the same offense. Missouri v. Hunter, 459 U.S. 359, 365-66, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). This protection does not extend to those offenses for which the legislature clearly intended to prescribe cumulative punishments. Williams v. Singletary, 78 F.3d 1510, 1512 (11th Cir.), *cert. denied*, 117 S.Ct. 221, 136 L.Ed.2d 154 (1996). "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." *Id.* (quoting Garrett v. U.S., 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)). This intention must be clearly expressed. *Id.* If no clear intention is evident, the provisions are analyzed under the "same elements" test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id.* (quoting United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993)). Although the court will decide under federal law whether a double jeopardy violation has occurred, it must accept the Florida courts' interpretation of the state's own statutes. Tarpley v. Dugger, 841

F.2d 359, 364 (11th Cir.), *cert. denied*, 488 U.S. 837, 109 S.Ct. 101, 102 L.E.2d 76 (1988) (citing Hunter, 459 U.S. at 368, 103 S.Ct. at 679).

In the instant case, the Florida legislature clearly intended that conspiracy to traffic in cocaine and trafficking in cocaine be separate offenses, as evidenced by the language of the provision of the Florida criminal code that defines the crime of conspiracy to commit a drug offense:

> (5) Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he or she had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).

Fla. Stat. § 893.135(5) (emphasis added). Subsection (1)(b) of section 893.135 defines the offense of trafficking in cocaine. In light of the clear intent of the Florida legislature to prescribe cumulative punishments for trafficking in cocaine and conspiracy to traffic in cocaine, Petitioner has failed to establish that his counsel erred in failing to advise him that convictions for both counts violated the Double Jeopardy Clause. Accordingly, his ineffective assistance claim is without merit.

   c. Counsel's failure to preserve issue for appeal and failure to file notice of appeal.

Petitioner claims that his counsel performed in a constitutionally deficient manner by failing to file a notice of appeal. He additionally claims that his counsel erred in failing to preserve for appeal the issue of the trial court's imposing a sentence that exceeded the recommendation of the State in the Pre-sentence Investigation Report. Petitioner contends counsel's failure to preserve the issue prohibited him from challenging his plea and sentence on direct appeal.

As discussed *supra*, Petitioner's sentence did not exceed the recommendation in the Pre-sentence Investigation Report. Therefore, Petitioner cannot show that his counsel performed deficiently by failing to object to the sentence or otherwise failing to preserve a challenge to Petitioner's plea or sentence for appeal.

With respect to Petitioner's claim that his counsel performed deficiently by failing to file a notice of appeal, the state court rejected this claim as facially insufficient on the ground that Petitioner did not allege that he requested that counsel file an appeal (Doc. 11, Ex. E at 29).

In cases where a defendant specifically instructs his counsel to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *See* Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Peguero v. United States, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). Since a defendant has been denied an entire judicial proceeding, prejudice is presumed, and a defendant is entitled to a new appeal. *Id.*

However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *See supra* 1034-1035. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Id.* The Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal:

> We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

*Id.* at 1036.

In cases where a defendant has not specifically instructed his counsel to file a notice of appeal, a per se prejudice rule does not apply, rather, a defendant must demonstrate a reasonable

probability exists that, but for counsel's deficient performance, he would have timely appealed. *Id.* at 1038, 1040. "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 1039; *see also* Davis v. Secretary of Dept. of Corrections, 341 F3d 1310, 1316 (11th Cir. 2003).

In the instant case, Petitioner does not claim he instructed his counsel to file a notice of appeal, nor does he allege that he expressed to counsel a desire to appeal his conviction or sentence, or that his counsel failed to consult with him regarding his appellate rights. Assuming arguendo that his counsel failed to consult with him, Petitioner has failed to establish his counsel had a constitutional duty to do so. Petitioner's conviction and sentence followed a plea of nolo contendere, thereby limiting the appealable issues and indicating Petitioner's desire to end the judicial proceedings. Petitioner has failed to show that his counsel had reason to think that a rational defendant in Petitioner's position would want to appeal.

Moreover, Petitioner has failed to establish he had nonfrivolous grounds for appeal. He claims he would have appealed the validity of his plea and sentence on the ground that his sentence exceeded the State's recommendation in the Pre-sentence Investigation Report; however, Petitioner has failed to demonstrate a reasonable probability that this issue would have been successful on appeal, as discussed *supra*. Finally, Petitioner does not allege a reasonable probability that, but for counsel's performance, Petitioner himself would have timely appealed. Because Petitioner has failed to establish that his counsel performed in a constitutionally deficient manner or that he was prejudiced by his counsel's alleged error, the state court decision denying his claim was not contrary to or an unreasonable application of Supreme Court law.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**, and the clerk be directed to close the file.

At Pensacola this 10th day of January 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**